IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| KELLY SUPPLY, LLC a Montana limited liability company,<br><br>                Plaintiff,<br><br>vs.<br><br>ECONOMY POLYMERS AND CHEMICALS, a division of ECONOMY MUD PRODUCTS COMPANY, a Texas corporation, SIDNEY INVESTMENTS, INC., a Delaware corporation, and TRAVIS CLARK, a Montana resident,<br><br>                Defendants. | CV-14-03-BLG-SPW-CSO<br><br>**ORDER GRANTING MOTION TO AMEND FIRST AMENDED ANSWER** |

## I.    INTRODUCTION

This dispute arises from business dealings between Plaintiff Kelly Supply, LLC ("Kelly Supply") and Defendant Economy Polymers and Chemicals, a division of Economy Mud Products Company ("Economy") in the Bakken oil fields in eastern Montana. Kelly Supply claims that: (1) Economy breached in multiple ways a service agreement between the two companies and interfered with Kelly Supply's other business opportunities; (2) Defendant Sidney Investments, Inc., ("Sidney")

-1-

interfered with Kelly Supply's contract with Economy; and (3) both Economy and Defendant Travis Clark ("Clark"), an individual employed by Economy, made false representations and were unjustly enriched at Kelly Supply's expense. *See Cmplt (ECF 11)*[1]. Kelly Supply seeks compensatory and punitive damages. *Id. at 29-30.*

Now pending is Economy's Motion to Amend First Amended Answer in Order to Assert Counterclaims. *ECF 19.* Having considered the parties' arguments, the Court will grant the motion for the following reasons.

## II. BACKGROUND

Kelly Supply initiated this action in state court on October 31, 2013, and served Economy with its complaint on December 13, 2013. *See ECF 11; ECF 1-4 at 38.* On January 8, 2014, Defendants removed the case to federal court, invoking this Court's diversity jurisdiction. *See Joint Not. of Removal (ECF 1).* Economy filed its initial Answer on January 15, 2014, and its First Amended Answer a week later. *ECF 4, 8.*

---

[1] "ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation,* § 10.8.3.

The Court's Scheduling Order set a deadline for amending pleadings of May 26, 2014. *ECF 17*. On May 27, 2014, Economy timely filed the pending motion to amend its First Amended Answer.[2] *ECF 19*. Economy seeks to amend its First Amended Answer to assert counterclaims against Kelly Supply for conversion, unjust enrichment, and restitution. *See ECF 19-1 at 21-27*. Economy also seeks to add as an additional affirmative defense an assertion that some or all of Kelly Supply's claims are barred because the agreement at issue is governed by Texas law. *Id. at 20*. Kelly Supply objects to the Court granting Economy leave to amend.

### III. DISCUSSION

Because Economy timely filed its motion to amend within the time for doing so under the Scheduling Order, the Court looks to the standards under Rule 15(a) to determine whether amendment should be allowed. Motions to amend an answer to assert counterclaims under Rule 13 are governed by Rule 15(a)'s liberal amendment standard. *See* Rule 13, Advisory Committee Notes, 2009 Amendments ("An amendment to add a counterclaim will be governed by Rule 15"). Rule

---

[2]Because May 26, 2014, was a legal holiday, the deadline for amended pleadings fell on May 27, 2014, pursuant to Rule 6(a)(1)(C).

15(a)(2) provides that "[t]he court should freely give leave when justice so requires." This policy is "to be applied with extreme liberality[,]" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted), but leave "is not to be granted automatically[,]" *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quotation omitted). Courts consider the following factors to assess whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Kelly Supply does not argue that the movant is acting in bad faith. Instead, Kelly Supply contends that leave should be denied because Economy unduly delayed seeking amendment, its amendments are futile, and Kelly Supply will suffer prejudice. The Court addresses each point in turn.

### A. <u>Undue Delay</u>

Kelly Supply first argues that leave to amend should be denied

because Economy unduly delayed asserting the counterclaims it now seeks to raise, particularly in light of the fact that these claims are compulsory counterclaims and Economy pled a similar affirmative defense for unjust enrichment in its First Amended Answer. *ECF 21 at 4*. Kelly Supply argues that the delay alone constitutes sufficient grounds to deny Economy's motion.

In evaluating whether there has been undue delay, the Court must consider "whether the moving party knew or should have known the facts and theories raised by the amendment" at an earlier time. *Jackson*, 902 F.2d at 1388. "Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *see also Lockheed Martin*, 194 F.3d at 986 ("Although delay is not a dispositive factor in the amendment analysis, it is relevant").

Kelly Supply cites *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802 (9th Cir. 1988) and *Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990) to show that the Ninth Circuit has found that delays of 6 and 7 months, respectively, warrant denying leave to amend. *See ECF 21 at 4*. These cases are clearly distinguishable. The motion to amend in

*McGlinchy* was not filed until nearly two years after the plaintiffs filed the original complaint, on a date after the original trial date and a month after the original discovery deadline. *McGlinchy*, 845 F.2d at 809. Similarly, in *Jackson*, although the plaintiffs first informed the court of their intention to amend in March 1987, they delayed offering their amended complaint until May 1988, a date after the discovery deadline and nearly a year and a half after the filing of the original complaint. *Jackson*, 902 F.2d at 1388.

Here, by contrast, discovery does not close until March 31, 2015. *See Scheduling Order (ECF 17) at 2.* Economy filed its motion to amend a little over 4 months after it filed its original answer, and within the Scheduling Order's deadline for doing so. Under these circumstances, the delay here, without more, is insufficient to deny leave to amend.

### B. Futility

Kelly Supply next argues that Economy's proposed additional affirmative defense predicated on the contractually mandated application of Texas law is futile because Economy failed to explain the factual basis for the defense, or provide an explanation for the delay in

bringing it.  *ECF 21 at 7*.  It argues that Economy's proposed counterclaims are also futile because they are inconsistent with Economy's assertion that the contract governs and mandates application of Texas law.  *Id*.

"A motion for leave to amend may be denied if it appears to be futile or legally insufficient."  *Miller v. Rykoff-Sexton Inc.*, 845 F.2d 209, 214 (9th Cir. 1983).  A proposed amendment is viewed as futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Id*.  Here, the Court cannot say that Economy's proposed amendments constitute invalid claims or defenses.  The factual basis for Economy's fortieth defense can be found on the service agreement attached to Kelly Supply's Complaint.  *See ECF 11-2 at 1* ("The laws of the State of Texas shall apply to this Agreement").  And the fact that Economy's counterclaims are equitable claims usually applicable in the absence of a contract does not invalidate them – Economy is permitted to plead alternative or inconsistent claims.  *See* Rule 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency").  Thus, leave to amend will not be denied on futility.

## C. Prejudice

Finally, Kelly Supply argues that leave to amend should be denied because it will suffer prejudice if Economy is permitted to add counterclaims "this late in the game." *ECF 21 at 7*. Kelly Supply argues that the proposed counterclaims expose it to money damages and that it was entitled to know "at a much earlier date this potential exposure in this lawsuit[.]" *Id*.

Of the Rule 15(a) factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. Absent prejudice, or a strong showing of any of the remaining factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original). The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Kelly Supply has failed to demonstrate prejudice sufficient to deny Economy leave to amend. Kelly Supply cites *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. 1991) for the proposition that leave to amend should be denied based on prejudice where the amendments raise money damages for the first time. *ECF 21 at 8*. In *Texaco*, the

plaintiff sought leave to amend its complaint eight months *after* the district court granted summary judgment against it, nearly two years after filing the initial complaint, after discovery was over, and just four and a half months before the trial date. 939 F.3d at 798-99. Because the proposed amended complaint which added a claim for money damages was filed so close to trial, the court found that the defendants would have been unreasonably prejudiced by the amendment and affirmed the denial of leave to amend. *Id.* at 799.

Kelly Supply has failed to show similar prejudice. As noted above, discovery runs through March of next year. Kelly Supply does not indicate the extent of discovery it has already conducted, to what extent such discovery would be nullified or duplicated, or how the assertion of counterclaims will otherwise cause it undue prejudice. Because Kelly Supply has failed to meets its burden, the Court will not deny leave to amend based on prejudice.

And although throughout its response Kelly places added significance on the fact that these claims are compulsory counterclaims under Rule 13, which they appear to be, this fact cuts in favor of granting leave to amend. Courts are generally more willing to grant

leave to amend when a compulsory counterclaim is involved, "since an omitted compulsory counterclaim cannot be asserted in subsequent cases ... and the pleader will lose the opportunity to have the claim adjudicated." 6 Fed. Prac. & Proc. Civ. § 1430, Omitted Counterclaims (3d ed.).

In light of Rule 15(a)'s liberal amendment policy, and having found Kelly Supply's opposition unpersuasive, the Court will grant Economy leave to amend its First Amended Answer.

## IV. **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Economy's Motion to Amend First Amended Answer *(ECF 19)* is GRANTED. Economy must promptly file its Second Amended Answer attached to its motion. *See Local Rule 15.1.*

DATED this 30th day of June, 2014.

*/s/ Carolyn S. Ostby*
United States Magistrate Judge